IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SKYHOOK WIRELESS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. _____ |
| v. | ) | |
| | ) | |
| GOOGLE INC., | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Skyhook Wireless, Inc. ("Skyhook"), by and through its undersigned

counsel, for its complaint against Google Inc. ("Google"), alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for patent infringement arising under the United States

Patent Act, 35 U.S.C. §§ 101 *et seq.*, including 35 U.S.C. § 271.  This Court has subject matter

jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) in that this is a civil action arising out of

the patent laws of the United States of America.

## JURISDICTION AND VENUE

2.     This Court has personal jurisdiction over Google.  On information and

belief, Google is a Delaware corporation, has committed acts of infringement in this District,

regularly does and solicits business in Delaware, and has availed itself of the benefits and

protections of Delaware law.

3.      Venue in this District is proper under 28 U.S.C. §§ 1391(c) and 1400(b) because, among other reasons, Google is subject to personal jurisdiction in this District, is incorporated in this District, and has committed acts of infringement in this District.

### THE PARTIES

4.      Skyhook is a Delaware corporation with its principal place of business at 34 Farnsworth Street, Boston, Massachusetts, 02210.

5.      Skyhook is informed and believes that Google is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California, 94043.

### COUNT I

### (Infringement of United States Patent No. 7,856,234)

6.      Skyhook incorporates by reference paragraphs 1 through 5 of this Complaint and realleges them as though fully set forth herein.

7.      On December 21, 2010, United States Patent No. 7,856,234, entitled "System and Method for Estimating Positioning Error Within a WLAN-Based Positioning System" ("the '234 patent"), issued to Farshid Alizadeh-Shabdiz and Edward Jones Morgan. Skyhook is the owner by assignment of the entire right, title, and interest in and to the '234 patent.  A copy of the '234 patent is attached as Exhibit A.

8.      Skyhook is informed and believes, and thereon alleges, that Google, in violation of 35 U.S.C. § 271(a), has been and is currently infringing the '234 patent by, among other things, making and using in this judicial district and elsewhere throughout the United States, without authority or license from Skyhook, infringing products, including at least the system(s) used by Google in providing what Google describes as "location based services," the "Android Operating System," and "Google Maps."

9.    The estimation of positioning error is an integral function of at least Google's "location based services," the "Android Operating System," and "Google Maps."  In particular, these products contain software modules that enable the estimation of positioning error in a manner that infringes the '234 patent.

10.    Skyhook is informed and believes, and thereon alleges, that Google has contributorily infringed and is currently contributorily infringing the '234 patent in violation of 35 U.S.C. § 271(c) by selling or offering for sale to third parties, in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, components that embody a material part of the inventions described in the '234 patent, are known by Google to be especially made or especially adapted for use in infringement of the '234 patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including "location based services," the "Android Operating System," and "Google Maps" and their respective components.  Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '234 patent in violation of 35 U.S.C. § 271(a) by using infringing software and hardware products, including some or all of Google's "location based services," the "Android Operating System," and "Google Maps" and their respective components.

11.    Google has actual awareness of the '234 patent.  Google has been aware of Skyhook's patent portfolio since at least 2005, when Michael Shean, Skyhook's Senior Vice President communicated with various Google employees regarding Skyhook's patented wireless location technology.  Mr. Shean further met and communicated with additional Google employees in 2006 and 2007 regarding Skyhook's wireless location technology.  Mr. Shean informed Google that Skyhook had patents relating to expected error estimation.  Moreover, each of Skyhook's patents is listed at Skyhook's website, of which Google is aware, and Google has

produced a copy of the '234 patent in ongoing litigation in Massachusetts.  Additionally, on

information and belief, Google has reverse engineered Skyhook's technology, which embodies

claims of the '234 patent.

12.     Skyhook is informed and believes, and thereon alleges, that Google has

actively induced and is currently inducing the infringement of the '234 patent in violation of 35

U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to use

infringing products in this judicial district and elsewhere throughout the United States, without

license or authority from Skyhook, including at least the system(s) used by Google in providing

what Google describes as "location based services," the "Android Operating System," and

"Google Maps."  Google advertises the infringing capability of its products and services to

obtain estimates of location error in its location-based products and services, such as Google

Maps and the Android operating system.  Skyhook is informed and believes, and thereon alleges,

that these third parties have infringed and will infringe the '234 patent in violation of 35 U.S.C. §

271(a) by using infringing products, including at least the system used by Google in providing

what Google describes as "location based services," the "Android Operating System," and

"Google Maps."

13.     Skyhook is informed and believes, and thereon alleges, that Google's

infringement of the '234 patent has been and continues to be willful.

14.     Unless enjoined by this Court, Google will continue to infringe the '234

patent.

15.     As a direct and proximate result of Google's conduct, Skyhook has

suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at

law.  Skyhook has also been damaged and, until an injunction issues, will continue to be

damaged in an amount and manner yet to be determined.

## COUNT II

### (Infringement of United States Patent No. 8,019,357)

16.     Skyhook incorporates by reference paragraphs 1 through 15 of this

Complaint and realleges them as though fully set forth herein.

17.     On September 13, 2011, United States Patent No. 8,019,357, entitled

"System and Method for Estimating Positioning Error Within a WLAN-Based Positioning

System" ("the '357 patent"), issued to Farshid Alizadeh-Shabdiz and Edward Jones Morgan.

Skyhook is the owner by assignment of the entire right, title, and interest in and to the '357

patent.  A copy of the '357 patent is attached as Exhibit B.

18.     Skyhook is informed and believes, and thereon alleges, that Google, in

violation of 35 U.S.C. § 271(a), has been and is currently infringing the '357 patent by, among

other things, making and using in this judicial district and elsewhere throughout the United

States, without authority or license from Skyhook, infringing products, including at least the

system(s) used by Google in providing what Google describes as "location based services," the

"Android Operating System," and "Google Maps."

19.     The estimation of positioning error is an integral function of at least

Google's "location based services," the "Android Operating System," and "Google Maps."  In

particular, these products contain software modules that enable the estimation of positioning

error in a manner that infringes the '357 patent.

20.     Skyhook is informed and believes, and thereon alleges, that Google has

contributorily infringed and is currently contributorily infringing the '357 patent in violation of

35 U.S.C. § 271(c) by selling or offering for sale to third parties, in this judicial district and

elsewhere throughout the United States, without license or authority from Skyhook, components that embody a material part of the inventions described in the '357 patent, are known by Google to be especially made or especially adapted for use in infringement of the '357 patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including "location based services," the "Android Operating System," and "Google Maps" and their respective components.  Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '357 patent in violation of 35 U.S.C. § 271(a) by using infringing software and hardware products, including some or all of Google's "location based services," the "Android Operating System," and "Google Maps" and their respective components.

21.    Google has actual awareness of the '357 patent.  Google has been aware of Skyhook's patent portfolio since at least 2005, when Michael Shean, Skyhook's Senior Vice President communicated with various Google employees regarding Skyhook's patented wireless location technology.  Mr. Shean further met and communicated with additional Google employees in 2006 and 2007 regarding Skyhook's wireless location technology.  Mr. Shean informed Google that Skyhook had patents relating to expected error estimation.  Moreover, each of Skyhook's patents is listed at Skyhook's website, of which Google is aware.  Additionally, on information and belief, Google has reverse engineered Skyhook's technology, which embodies claims of the '357 patent.  Furthermore, the application for the '357 patent is a continuation of the application of the '234 patent, and Google has produced a copy of the '234 patent in ongoing litigation in Massachusetts.

22.    Skyhook is informed and believes, and thereon alleges, that Google has actively induced and is currently inducing the infringement of the '357 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to use

infringing products in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, including at least the system(s) used by Google in providing what Google describes as "location based services," the "Android Operating System," and "Google Maps."  Google advertises the infringing capability of its products and services to obtain estimates of location error in its location-based products and services, such as Google Maps and the Android operating system.  Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '357 patent in violation of 35 U.S.C. § 271(a) by using infringing products, including at least the system(s) used by Google in providing what Google describes as "location based services," the "Android Operating System," and "Google Maps."

23.     Skyhook is informed and believes, and thereon alleges, that Google's infringement of the '357 patent has been and continues to be willful.

24.     Unless enjoined by this Court, Google will continue to infringe the '357 patent.

25.     As a direct and proximate result of Google's conduct, Skyhook has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law.  Skyhook has also been damaged and, until an injunction issues, will continue to be damaged in an amount and manner yet to be determined.

## COUNT III

### (Infringement of United States Patent No. 8,022,877)

26.     Skyhook incorporates by reference paragraphs 1 through 25 of this Complaint and realleges them as though fully set forth herein.

27.     On September 20, 2011, United States Patent No. 8,022,877, entitled "Systems and Methods for Using a Satellite Positioning System to Detect Moved WLAN Access Points" ("the '877 patent"), issued to Farshid Alizadeh-Shabdiz.  Skyhook is the owner by assignment of the entire right, title, and interest in and to the '877 patent.  A copy of the '877 patent is attached as Exhibit C.

28.     Skyhook is informed and believes, and thereon alleges, that Google, in violation of 35 U.S.C. § 271(a), has been and is currently infringing the '877 patent by, among other things, making and using in this judicial district and elsewhere throughout the United States, without authority or license from Skyhook, infringing products, including at least the system(s) used by Google in providing what Google describes as "location based services," the "Android Operating System," and "Google Maps."

29.     The detection of moved WLAN access points is an integral function of at least Google's "location based services," the "Android Operating System," and "Google Maps." In particular, these products contain software modules that enable the detection of moved WLAN access points in a manner that infringes the '877 patent.

30.     Skyhook is informed and believes, and thereon alleges, that Google has contributorily infringed and is currently contributorily infringing the '877 patent in violation of 35 U.S.C. § 271(c) by selling or offering for sale to third parties, in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, components that embody a material part of the inventions described in the '877 patent, are known by Google

to be especially made or especially adapted for use in infringement of the '877 patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including "location based services," the "Android Operating System," and "Google Maps" and their respective components. Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '877 patent in violation of 35 U.S.C. § 271(a) by using infringing software and hardware products, including some or all of Google's "location based services," the "Android Operating System," and "Google Maps" and their respective components.

31.     Google has actual awareness of the '877 patent. Google has been aware of Skyhook's patent portfolio since at least 2005, when Michael Shean, Skyhook's Senior Vice President communicated with various Google employees regarding Skyhook's patented wireless location technology. Mr. Shean further met and communicated with additional Google employees in 2006 and 2007 regarding Skyhook's wireless location technology. Mr. Shean informed Google that Skyhook had patents relating to wireless location technology, including patents regarding data collection, post processing, and integration with GPS. Moreover, each of Skyhook's patents is listed at Skyhook's website, of which Google is aware. Additionally, on information and belief, Google has reverse engineered Skyhook's technology, which embodies claims of the '877 patent.

32.     Skyhook is informed and believes, and thereon alleges, that Google has actively induced and is currently inducing the infringement of the '877 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to use infringing products in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, including at least the system(s) used by Google in providing what Google describes as "location based services," the "Android Operating System," and

"Google Maps." Google advertises the wireless location capability of its products and services, such as Google Maps and the Android operating system, and when users make use of these wireless location capabilities, the infringing systems and methods are utilized. Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '877 patent in violation of 35 U.S.C. § 271(a) by using infringing products, including at least the system(s) used by Google in providing what Google describes as "location based services," the "Android Operating System," and "Google Maps."

33.     Skyhook is informed and believes, and thereon alleges, that Google's infringement of the '877 patent has been and continues to be willful.

34.     Unless enjoined by this Court, Google will continue to infringe the '877 patent.

35.     As a direct and proximate result of Google's conduct, Skyhook has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law. Skyhook has also been damaged and, until an injunction issues, will continue to be damaged in an amount and manner yet to be determined.

## COUNT IV

### (Infringement of United States Patent No. 8,154,454)

36.     Skyhook incorporates by reference paragraphs 1 through 35 of this Complaint and realleges them as though fully set forth herein.

37.     On April 10, 2012, United States Patent No. 8,154,454, entitled "Systems and Methods for Using a Satellite Positioning System to Detect Moved WLAN Access Points" ("the '454 patent"), issued to Farshid Alizadeh-Shabdiz. Skyhook is the owner by assignment of the entire right, title, and interest in and to the '454 patent. A copy of the '454 patent is attached as Exhibit D.

38.     Skyhook is informed and believes, and thereon alleges, that Google, in violation of 35 U.S.C. § 271(a), has been and is currently infringing the '454 patent by, among other things, making and using in this judicial district and elsewhere throughout the United States, without authority or license from Skyhook, infringing products, including at least the system(s) used by Google in providing what Google describes as "location based services," the "Android Operating System," and "Google Maps."

39.     The detection of moved WLAN access points and is an integral function of at least Google's "location based services," the "Android Operating System," and "Google Maps."  In particular, these products contain software modules that enable the detection of moved WLAN access points in a manner that infringes the '454 patent.

40.     Skyhook is informed and believes, and thereon alleges, that Google has contributorily infringed and is currently contributorily infringing the '454 patent in violation of 35 U.S.C. § 271(c) by selling or offering for sale to third parties, in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, components that embody a material part of the inventions described in the '454 patent, are known by Google to be especially made or especially adapted for use in infringement of the '454 patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including "location based services," the "Android Operating System," and "Google Maps" and their respective components.  Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '454 patent in violation of 35 U.S.C. § 271(a) by using infringing software and hardware products, including some or all of Google's "location based services," the "Android Operating System," and "Google Maps" and their respective components.

41.     Google has actual awareness of the '454 patent.  Google has been aware of Skyhook's patent portfolio since at least 2005, when Michael Shean, Skyhook's Senior Vice President communicated with various Google employees regarding Skyhook's patented wireless location technology.  Mr. Shean further met and communicated with additional Google employees in 2006 and 2007 regarding Skyhook's wireless location technology.  Mr. Shean informed Google that Skyhook had patents relating to wireless location technology, including patents regarding data collection, post processing, and integration with GPS.  Moreover, each of Skyhook's patents is listed at Skyhook's website, of which Google is aware.  Additionally, on information and belief, Google has reverse engineered Skyhook's technology, which embodies claims of the '454 patent.

42.     Skyhook is informed and believes, and thereon alleges, that Google has actively induced and is currently inducing the infringement of the '454 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to use infringing products in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, including at least the system(s) used by Google in providing what Google describes as "location based services," the "Android Operating System," and "Google Maps."  Google advertises the wireless location capability of its products and services, such as Google Maps and the Android operating system, and when users make use of these wireless location capabilities, the infringing systems and methods are utilized.  Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '454 patent in violation of 35 U.S.C. § 271(a) by using infringing products, including at least the system(s) used by Google in providing what Google describes as "location based services," the "Android Operating System," and "Google Maps."

43.    Skyhook is informed and believes, and thereon alleges, that Google's infringement of the '454 patent has been and continues to be willful.

44.    Unless enjoined by this Court, Google will continue to infringe the '454 patent.

45.    As a direct and proximate result of Google's conduct, Skyhook has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law.  Skyhook has also been damaged and, until an injunction issues, will continue to be damaged in an amount and manner yet to be determined.

## COUNT V

### (Infringement of United States Patent No. 8,223,074)

46.    Skyhook incorporates by reference paragraphs 1 through 45 of this Complaint and realleges them as though fully set forth herein.

47.    On August 17, 2012, United States Patent No. 8,223,074, entitled "Systems and Methods for Using a Satellite Positioning System to Detect Moved WLAN Access Points" ("the '074 patent"), issued to Farshid Alizadeh-Shabdiz.  Skyhook is the owner by assignment of the entire right, title, and interest in and to the '074 patent.  A copy of the '074 patent is attached as Exhibit E.

48.    Skyhook is informed and believes, and thereon alleges, that Google, in violation of 35 U.S.C. § 271(a), has been and is currently infringing the '074 patent by, among other things, making and using in this judicial district and elsewhere throughout the United States, without authority or license from Skyhook, infringing products, including at least the system(s) used by Google in providing what Google describes as "location based services," the "Android Operating System," and "Google Maps."

49.     The detection of moved WLAN access points is an integral function of at least Google's "location based services," the "Android Operating System," and "Google Maps." In particular, these products contain software modules that enable the detection of moved WLAN access points in a manner that infringes the '074 patent.

50.     Skyhook is informed and believes, and thereon alleges, that Google has contributorily infringed and is currently contributorily infringing the '074 patent in violation of 35 U.S.C. § 271(c) by selling or offering for sale to third parties, in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, components that embody a material part of the inventions described in the '074 patent, are known by Google to be especially made or especially adapted for use in infringement of the '074 patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including "location based services," the "Android Operating System," and "Google Maps" and their respective components. Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '074 patent in violation of 35 U.S.C. § 271(a) by using infringing software and hardware products, including some or all of Google's "location based services," the "Android Operating System," and "Google Maps" and their respective components.

51.     Google has actual awareness of the '074 patent.  Google has been aware of Skyhook's patent portfolio since at least 2005, when Michael Shean, Skyhook's Senior Vice President communicated with various Google employees regarding Skyhook's patented wireless location technology.  Mr. Shean further met and communicated with additional Google employees in 2006 and 2007 regarding Skyhook's wireless location technology.  Mr. Shean informed Google that Skyhook had patents relating to wireless location technology, including patents regarding data collection, post processing, and integration with GPS.  Moreover, each of

Skyhook's patents is listed at Skyhook's website, of which Google is aware.  Additionally, on

information and belief, Google has reverse engineered Skyhook's technology, which embodies

claims of the '074 patent.

52.    Skyhook is informed and believes, and thereon alleges, that Google has

actively induced and is currently inducing the infringement of the '074 patent in violation of 35

U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to use

infringing products in this judicial district and elsewhere throughout the United States, without

license or authority from Skyhook, including at least the system(s) used by Google in providing

what Google describes as "location based services," the "Android Operating System," and

"Google Maps."  Google advertises the wireless location capability of its products and services,

such as Google Maps and the Android operating system, and when users make use of these

wireless location capabilities, the infringing systems and methods are utilized.  Skyhook is

informed and believes, and thereon alleges, that these third parties have infringed and will

infringe the '074 patent in violation of 35 U.S.C. § 271(a) by using infringing products, including

at least the system(s) used by Google in providing what Google describes as "location based

services," the "Android Operating System," and "Google Maps."

53.    Skyhook is informed and believes, and thereon alleges, that Google's

infringement of the '074 patent has been and continues to be willful.

54.    Unless enjoined by this Court, Google will continue to infringe the '074

patent.

55.    As a direct and proximate result of Google's conduct, Skyhook has

suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at

law.  Skyhook has also been damaged and, until an injunction issues, will continue to be

damaged in an amount and manner yet to be determined.

**COUNT VI**

**(Infringement of United States Patent No. 8,242,960)**

56.     Skyhook incorporates by reference paragraphs 1 through 55 of this

Complaint and realleges them as though fully set forth herein.

57.     On August 14, 2012, United States Patent No. 8,242,960, entitled

"Systems and Methods for Using a Satellite Positioning System to Detect Moved WLAN Access

Points" ("the '960 patent"), issued to Farshid Alizadeh-Shabdiz.  Skyhook is the owner by

assignment of the entire right, title, and interest in and to the '960 patent.  A copy of the '960

patent is attached as Exhibit F.

58.     Skyhook is informed and believes, and thereon alleges, that Google, in

violation of 35 U.S.C. § 271(a), has been and is currently infringing the '960 patent by, among

other things, making and using in this judicial district and elsewhere throughout the United

States, without authority or license from Skyhook, infringing products, including at least the

system(s) used by Google in providing what Google describes as "location based services," the

"Android Operating System," and "Google Maps."

59.     The detection of moved WLAN access points is an integral function of at

least Google's "location based services," the "Android Operating System," and "Google Maps."

In particular, these products contain software modules that enable the detection of moved WLAN

access points in a manner that infringes the '960 patent.

60.     Skyhook is informed and believes, and thereon alleges, that Google has

contributorily infringed and is currently contributorily infringing the '960 patent in violation of

35 U.S.C. § 271(c) by selling or offering for sale to third parties, in this judicial district and

elsewhere throughout the United States, without license or authority from Skyhook, components that embody a material part of the inventions described in the '960 patent, are known by Google to be especially made or especially adapted for use in infringement of the '960 patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including "location based services," the "Android Operating System," and "Google Maps" and their respective components. Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '960 patent in violation of 35 U.S.C. § 271(a) by using infringing software and hardware products, including some or all of Google's "location based services," the "Android Operating System," and "Google Maps" and their respective components.

61. Google has actual awareness of the '960 patent. Google has been aware of Skyhook's patent portfolio since at least 2005, when Michael Shean, Skyhook's Senior Vice President communicated with various Google employees regarding Skyhook's patented wireless location technology. Mr. Shean further met and communicated with additional Google employees in 2006 and 2007 regarding Skyhook's wireless location technology. Mr. Shean informed Google that Skyhook had patents relating to wireless location technology, including patents regarding data collection, post processing, and integration with GPS. Moreover, each of Skyhook's patents is listed at Skyhook's website, of which Google is aware. Additionally, on information and belief, Google has reverse engineered Skyhook's technology, which embodies claims of the '960 patent.

62. Skyhook is informed and believes, and thereon alleges, that Google has actively induced and is currently inducing the infringement of the '960 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to use infringing products in this judicial district and elsewhere throughout the United States, without

license or authority from Skyhook, including at least the system(s) used by Google in providing what Google describes as "location based services," the "Android Operating System," and "Google Maps."  Google advertises the wireless location capability of its products and services, such as Google Maps and the Android operating system, and when users make use of these wireless location capabilities, the infringing systems and methods are utilized.  Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '960 patent in violation of 35 U.S.C. § 271(a) by using infringing products, including at least the system(s) used by Google in providing what Google describes as "location based services," the "Android Operating System," and "Google Maps."

63.     Skyhook is informed and believes, and thereon alleges, that Google's infringement of the '960 patent has been and continues to be willful.

64.     Unless enjoined by this Court, Google will continue to infringe the '960 patent.

65.     As a direct and proximate result of Google's conduct, Skyhook has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law.  Skyhook has also been damaged and, until an injunction issues, will continue to be damaged in an amount and manner yet to be determined.

## COUNT VII

### (Infringement of United States Patent No. 8,229,455)

66.    Skyhook incorporates by reference paragraphs 1 through 65 of this Complaint and realleges them as though fully set forth herein.

67.    On July 24, 2012, United States Patent No. 8,229,455, entitled "System and Method of Gathering and Caching WLAN Packet Information to Improve Position Estimates of a WLAN Positioning Device" ("the '455 patent"), issued to Farshid Alizadeh-Shabdiz. Skyhook is the owner by assignment of the entire right, title, and interest in and to the '455 patent.  A copy of the '455 patent is attached as Exhibit G.

68.    Skyhook is informed and believes, and thereon alleges, that Google, in violation of 35 U.S.C. § 271(a), has been and is currently infringing the '455 patent by, among other things, making and using in this judicial district and elsewhere throughout the United States, without authority or license from Skyhook, infringing products, including at least the system(s) used by Google in providing what Google describes as "location based services," the "Android Operating System," and "Google Maps."

69.    The caching of information received from WLAN access points to improve position estimates is an integral function of at least Google's "location based services," the "Android Operating System," and "Google Maps."  In particular, these products contain software modules that enable the caching of WLAN access point information in a manner that infringes the '455 patent.

70.    Skyhook is informed and believes, and thereon alleges, that Google has contributorily infringed and is currently contributorily infringing the '455 patent in violation of 35 U.S.C. § 271(c) by selling or offering for sale to third parties, in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, components

that embody a material part of the inventions described in the '455 patent, are known by Google to be especially made or especially adapted for use in infringement of the '455 patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including "location based services," the "Android Operating System," and "Google Maps" and their respective components. Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '455 patent in violation of 35 U.S.C. § 271(a) by using infringing software and hardware products, including some or all of Google's "location based services," the "Android Operating System," and "Google Maps" and their respective components.

71.     Google has actual awareness of the '455 patent.  Google has been aware of Skyhook's patent portfolio since at least 2005, when Michael Shean, Skyhook's Senior Vice President communicated with various Google employees regarding Skyhook's patented wireless location technology.  Mr. Shean further met and communicated with additional Google employees in 2006 and 2007 regarding Skyhook's wireless location technology.  Mr. Shean informed Google that Skyhook had patents relating to wireless location technology, including patents regarding database encoding and end user localization.  Moreover, each of Skyhook's patents is listed at Skyhook's website, of which Google is aware.  Additionally, on information and belief, Google has reverse engineered Skyhook's technology, which embodies claims of the '455 patent.  Furthermore, Skyhook has provided Google with the prosecution history of U.S. Patent Application No. 11/774,399, which references the application for the '455 patent, U.S. Patent Application No. 11/774,395.

72.     Skyhook is informed and believes, and thereon alleges, that Google has actively induced and is currently inducing the infringement of the '455 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to use

infringing products in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, including at least the system(s) used by Google in providing what Google describes as "location based services," the "Android Operating System," and "Google Maps." Google advertises the wireless location capability of its products and services, such as Google Maps and the Android operating system, and when users make use of these wireless location capabilities, the infringing systems are utilized. Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '455 patent in violation of 35 U.S.C. § 271(a) by using infringing products, including at least the system(s) used by Google in providing what Google describes as "location based services," the "Android Operating System," and "Google Maps."

73.     Skyhook is informed and believes, and thereon alleges, that Google's infringement of the '455 patent has been and continues to be willful.

74.     Unless enjoined by this Court, Google will continue to infringe the '455 patent.

75.     As a direct and proximate result of Google's conduct, Skyhook has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law. Skyhook has also been damaged and, until an injunction issues, will continue to be damaged in an amount and manner yet to be determined.

## COUNT VIII

### (Infringement of United States Patent No. 8,054,219)

76.     Skyhook incorporates by reference paragraphs 1 through 75 of this Complaint and realleges them as though fully set forth herein.

77.     On November 8, 2011, United States Patent No. 8,054,219, entitled "Systems and Methods for Determining Position Using a WLAN-PS Estimated Position as an

Initial Position in a Hybrid Positioning System" ("the '219 patent"), issued to Farshid Alizadeh-Shabdiz. Skyhook is the owner by assignment of the entire right, title, and interest in and to the '219 patent. A copy of the '219 patent is attached as Exhibit H.

78.     Skyhook is informed and believes, and thereon alleges, that Google, in violation of 35 U.S.C. § 271(a), has been and is currently infringing the '219 patent by, among other things, making and using in this judicial district and elsewhere throughout the United States, without authority or license from Skyhook, infringing products, including at least the system(s) used by Google in providing what Google describes as "location based services," the "Android Operating System," and "Google Maps."

79.     The use of a WLAN position estimate to improve the functionality of a satellite positioning system is an integral function of at least Google's "location based services," the "Android Operating System," and "Google Maps." In particular, these products contain software modules that enable the use of a WLAN position estimate in a satellite positioning system in a manner that infringes the '219 patent.

80.     Skyhook is informed and believes, and thereon alleges, that Google has contributorily infringed and is currently contributorily infringing the '219 patent in violation of 35 U.S.C. § 271(c) by selling or offering for sale to third parties, in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, components that embody a material part of the inventions described in the '219 patent, are known by Google to be especially made or especially adapted for use in infringement of the '219 patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including "location based services," the "Android Operating System," and "Google Maps" and their respective components. Skyhook is informed and believes, and thereon alleges, that these third parties have

infringed and will infringe the '219 patent in violation of 35 U.S.C. § 271(a) by using infringing

software and hardware products, including some or all of Google's "location based services," the

"Android Operating System," and "Google Maps" and their respective components.

81.     Google has actual awareness of the '219 patent.  Google has been aware of

Skyhook's patent portfolio since at least 2005, when Michael Shean, Skyhook's Senior Vice

President communicated with various Google employees regarding Skyhook's patented wireless

location technology.  Mr. Shean further met and communicated with additional Google

employees in 2006 and 2007 regarding Skyhook's wireless location technology.  Mr. Shean

informed Google that Skyhook had patents relating to wireless location technology, including

patents regarding integration of Wi-Fi positioning technology with GPS technology.  Moreover,

each of Skyhook's patents is listed at Skyhook's website, of which Google is aware.

Additionally, on information and belief, Google has reverse engineered Skyhook's technology,

which embodies claims of the '219 patent.

82.     Skyhook is informed and believes, and thereon alleges, that Google has

actively induced and is currently inducing the infringement of the '219 patent in violation of 35

U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to use

infringing products in this judicial district and elsewhere throughout the United States, without

license or authority from Skyhook, including at least the system(s) used by Google in providing

what Google describes as "location based services," the "Android Operating System," and

"Google Maps."  Google advertises the wireless location capability of its products and services,

such as Google Maps and the Android operating system, and when users make use of these

wireless location capabilities, the infringing systems and methods are utilized.  Skyhook is

informed and believes, and thereon alleges, that these third parties have infringed and will

infringe the '219 patent in violation of 35 U.S.C. § 271(a) by using infringing products, including at least the system(s) used by Google in providing what Google describes as "location based services," the "Android Operating System," and "Google Maps."

83.     Skyhook is informed and believes, and thereon alleges, that Google's infringement of the '219 patent has been and continues to be willful.

84.     Unless enjoined by this Court, Google will continue to infringe the '219 patent.

85.     As a direct and proximate result of Google's conduct, Skyhook has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law.  Skyhook has also been damaged and, until an injunction issues, will continue to be damaged in an amount and manner yet to be determined.

## COUNT IX

### (Infringement of United States Patent No. 7,471,954)

86.     Skyhook incorporates by reference paragraphs 1 through 85 of this Complaint and realleges them as though fully set forth herein.

87.     On December 30, 2008, United States Patent No. 7,471,954, entitled "Methods and Systems for Estimating a User Position in a WLAN Positioning System Based on User Assigned Access Point Locations" ("the '954 patent"), issued to Nicolas Brachet and Farshid Alizadeh-Shabdiz.  Skyhook is the owner by assignment of the entire right, title, and interest in and to the '954 patent.  A copy of the '954 patent is attached as Exhibit I.

88.     Skyhook is informed and believes, and thereon alleges, that Google, in violation of 35 U.S.C. § 271(a), has been and is currently infringing the '954 patent by, among other things, making and using in this judicial district and elsewhere throughout the United States, without authority or license from Skyhook, infringing products, including at least the

system(s) used by Google in providing what Google describes as "location based services," the "Android Operating System," and "Google Maps."

89.     The use of access point locations based on user input to determine a position estimate is an integral function of at least Google's "location based services," the "Android Operating System," and "Google Maps."  In particular, these products contain software modules that enable the use of access point locations based on user input in a manner that infringes the '954 patent.

90.     Skyhook is informed and believes, and thereon alleges, that Google has contributorily infringed and is currently contributorily infringing the '954 patent in violation of 35 U.S.C. § 271(c) by selling or offering for sale to third parties, in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, components that embody a material part of the inventions described in the '954 patent, are known by Google to be especially made or especially adapted for use in infringement of the '954 patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including "location based services," the "Android Operating System," and "Google Maps" and their respective components.  Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '954 patent in violation of 35 U.S.C. § 271(a) by using infringing software and hardware products, including some or all of Google's "location based services," the "Android Operating System," and "Google Maps" and their respective components.

91.     Google has actual awareness of the '954 patent.  Google has been aware of Skyhook's patent portfolio since at least 2005, when Michael Shean, Skyhook's Senior Vice President communicated with various Google employees regarding Skyhook's patented wireless location technology.  Mr. Shean further met and communicated with additional Google

employees in 2006 and 2007 regarding Skyhook's wireless location technology. Mr. Shean informed Google that Skyhook had patents relating to wireless location technology, including patents regarding "database encoding" and "end user localization" in a "Wi-Fi positioning system." Moreover, each of Skyhook's patents is listed at Skyhook's website, of which Google is aware, and Google has produced a copy of the '954 patent in ongoing litigation in Massachusetts. Additionally, on information and belief, Google has reverse engineered Skyhook's technology, which embodies claims of the '954 patent.

92.     Skyhook is informed and believes, and thereon alleges, that Google has actively induced and is currently inducing the infringement of the '954 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to use infringing products in this judicial district and elsewhere throughout the United States, without license or authority from Skyhook, including at least the system(s) used by Google in providing what Google describes as "location based services," the "Android Operating System," and "Google Maps." Google advertises the wireless location capability of its products and services, such as Google Maps and the Android operating system, and when users make use of these wireless location capabilities, the infringing systems and methods are utilized. Skyhook is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '954 patent in violation of 35 U.S.C. § 271(a) by using infringing products, including at least the system(s) used by Google in providing what Google describes as "location based services," the "Android Operating System," and "Google Maps."

93.     Skyhook is informed and believes, and thereon alleges, that Google's infringement of the '954 patent has been and continues to be willful.

94.    Unless enjoined by this Court, Google will continue to infringe the '954 patent.

95.    As a direct and proximate result of Google's conduct, Skyhook has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law.  Skyhook has also been damaged and, until an injunction issues, will continue to be damaged in an amount and manner yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Skyhook prays that the Court enter a judgment as follows:

A.    For a judicial determination that the patents at issue in this litigation are infringed by Google;

B.    For a judicial determination that the patents at issue in this litigation are valid and enforceable;

C.    For a judicial determination that Google's infringement of the patents at issue in this litigation is willful;

D.    For a permanent injunction enjoining Google, and its directors, officers, employees, attorneys, agents, and all persons in active concert or participation with any of the foregoing, from further acts of infringement of the patents at issue in this litigation;

E.    For damages resulting from Google's infringement of the patents at issue in this litigation and the trebling of such damages because of the willful nature of Google's infringement;

F.    For an assessment of interest on damages;

G.    For a declaration that this case is exceptional pursuant to 35 U.S.C. § 285 and an award of attorneys' fees and costs in this action; and

H.    For such other and further relief as this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Skyhook demands a jury trial for all issues so triable.

ASBHY & GEDDES

_Steven J. Balick_

Steven J. Balick (#2114)
Lauren E. Maguire (#4261)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com

_Attorneys for Plaintiff_
_Skyhook Wireless, Inc._

_Of Counsel_

Morgan Chu
Samuel K. Lu
Laura E. Evans
James A. Milkey
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067-4276
(310) 277-1010
mchu@irell.com
slu@irell.com
levans@irell.com
jmilkey@irell.com

Dated: September 20, 2012